John C. Hendricks, State Bar No. 019493
jhendricks@meagher.com
**MEAGHER & GEER, P.L.L.P.**
8800 North Gainey Center Drive, Suite 261
Scottsdale, AZ  85258
Telephone:  (480) 607-9719
Facsimile:   (480) 607-9780
*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MidWest Warehousing & Transportation, Inc., an Iowa corporation,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>JKJ Transport, Inc., a California transport company; VFS Leasing Co LSR, a California business entity;  Francisco J. Toro and Jane Doe Toro, Husband And Wife; John Doe And Jane Doe 1-25, husband and wife; ABC Corporation 1-25,<br><br>　　　　　　　　Defendants. | No.<br><br>**COMPLAINT** |

　　　　Great West Casualty Company ("Great West"), on behalf of and as subrogee to MidWest Warehousing and Transportation, Inc. ("MidWest"), invoking this Court's diversity jurisdiction, states as its complaint against Defendants that:

## FACTUAL ALLEGATIONS

　　　　1.　　This lawsuit involves a motor vehicle accident that occurred on December 12, 2015 on Interstate 40, mile marker 283, just west of Holbrook, Arizona (the "Accident").

　　　　2.　　Great West insured the MidWest tractor-trailer rig that was involved in the Accident.

3. Kenneth Boullion ("Mr. Boullion") was driving MidWest's tractor-trailer when the Accident occurred.

4. Defendant Francisco J. Toro ("Mr. Toro") is the negligent driver.

5. Defendant Jane Doe Toro is Mr. Toro's wife.

6. Defendant JKJ Transport, Inc., a California transport company and corporation ("JKJ"), is believed to have employed the negligent driver, Mr. Toro and/or to have owned the tractor-trailer that Mr. Toro was driving in the course and scope of his employment at the time of the Accident.

7. Defendant VFS Leasing Co., LSR, a California business entity ("VFS"), is believed to be the owner of the tractor-trailer Mr. Toro was driving for VFS and/or his employer.

8. John Doe was the driver of a "phantom tractor-trailer" that allegedly caused Mr. Toro to lose control of his vehicle, causing the Accident.

9. Jane Doe is the spouse of the phantom driver.

10. ABC Corporation is the owner of the phantom tractor-trailer and or the employer of John Doe, who was driving the phantom tractor-trailer in the course and scope of his employment at the time of the Accident.

11. On December 12, 2015, Mr. Toro was driving a tractor-trailer (the "Subject Tractor-Trailer") westbound on Interstate 40 when the phantom tractor-trailer supposedly passed him on the left and cut in front of him when reentering the right lane.

12. The phantom tractor-trailer supposedly caused Mr. Toro to overcorrect and lose control of his Subject Tractor-Trailer.

13. When Mr. Toro lost control of the Subject Tractor-Trailer, it rolled on the passenger's side facing westbound traffic, blocking both lanes.

14. Mr. Toro's loss of control was the result of his failure to use reasonable care while operating the tractor-trailer he was driving, regardless of whether or not there was a

phantom tractor-trailer.

15. If there was a phantom tractor-trailer, John Doe failed to use reasonable care while operating it at the time of the Accident.

16. The Accident occurred, when Mr. Boullion was approaching mile marker 283 on Interstate 40 and encountered an unexpected dark object blocking both lanes of travel—the Subject Tractor-Trailer—which Mr. Boullion could not avoid.

17. MidWest's tractor-trailer sustained severe damage as a result of the Accident.

18. At the time of the Accident, MidWest's tractor-trailer contained two classic luxury automobiles, a Jaguar and a Ferrari, both of which were also severely damaged as a result of the Accident.

19. As a result of the Accident that occurred on December 12, 2015, Great West paid $142,737.94 for the damages MidWest sustained.

20. In addition, MidWest's insurance deductible was $2,500.00.

21. Total damages are summarized as follows:

| | |
|---|---:|
| Tractor | $53,610.94 |
| Cargo | $84,900.00 |
| Trailer | $4,227.00 |
| Deductible | $2,500.00 |
| **TOTAL** | **$145,237.94** |

22. By virtue of having paid for the damage to MidWest's tractor-trailer and its cargo, Great West is subrogated to MidWest's rights against and is entitled to sue in MidWest's name and on its behalf.

## THE PARTIES' CITIZENSHIP

23. Great West is a Nebraska corporation with its principal place of business in South Sioux City, Nebraska.

24. MidWest is an Iowa corporation with its principal place of business at Waterloo, Iowa.

25. On information and belief, JKJ is a California corporation, with its principal place of business in Colton, California.

26. On information and belief, VFR is a California business entity, with its principal place of business in Huntington, California.

27. On information and belief, Mr. Toro is a resident of Pomona, California.

28. Plaintiffs do not know the residence of Defendant ABC Corporation, but will amend the Complaint when it has that information.

29. Plaintiffs do not know the residence of Defendants John and Jane Doe, but will amend this Complaint when it has that information.

### III. JURISDICTION AND VENUE

30. The amount in controversy in this case exceeds $75,000, exclusive of interest and costs.

31. This Court has subject matter jurisdiction by virtue of 28 U.S.C. § 1332(a).

32. The defendants in this case are subject to the personal jurisdiction of this court.

33. Venue is proper in this District by virtue of 28 U.S.C. § 1391(b).

### FIRST CAUSE OF ACTION
### NEGLIGENCE

34. MidWest re-alleges and incorporate by reference each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth in this paragraph.

35. At all relevant times, Mr. Toro and/or John Doe were operating the tractor-trailers they were driving in the course and scope of their employment for their employers, with the permission and consent of the tractor-trailers' owners, and on behalf of the tractor trailers' owners.

36. At the time of the Accident, Mr. Toro and/or John Doe violated their duty to operate the tractor-trailers they were driving with reasonable care.

37. Mr. Toro and/or John Doe's violation of the duty of reasonable care was a proximate cause of the Accident and of damage to Great West and MidWest.

38. On information and belief, JKJ, VFS, and/or ABC Corporation had common carrier and broker authority through the Federal Motor Carrier Safety Administration.

39. On information and belief, at the time of the Accident, JKJ, VFS, and/or ABC corporation, were motor carriers as defined by 49 U.S.C. §13102.

40. On information and belief, JKJ, VFS, and ABC Corporation held themselves out to the general public as motor carriers.

41. On information and belief, on December 12, 2015 JKJ, VFS, and/or ABC Corporation violated the applicable duty of care by negligently entrusting, controlling, managing, and/or maintaining the Subject Tractor Trailer and/or the phantom tractor trailer so that they created a dangerous condition that was a proximate cause of the Accident and of damage to Great West and MidWest.

42. On information and belief, Mr. Toro and/or John Doe violated the applicable standard of care by negligently and carelessly failed to take measures and precautions to warn other drivers of the dangerous condition created by the fact that the Subject Tractor Trailer blocked both westbound lanes of travel on Interstate 40 following Mr. Toro's loss of control.

43. Mr. Toro and/or John Doe's failure to take measures and precautions to warn other drivers of a dangerous condition was a proximate cause of the Accident and of damage to Great West and MidWest.

44. In addition, and on information and belief, one or more of the defendants violated applicable laws or regulations which constitute negligence *per se* and which are a proximate cause of the Accident and of damage to Great West and Midwest.

## SECOND CAUSE OF ACTION

## NEGLIGENT HIRING/ RETENTION/ SUPERVISION/ TRAINING

45. MidWest re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth in this paragraph.

46. On information and belief, JKJ and/or VFS had a duty of reasonable care to hire, retain, train, and supervise Mr. Toro regarding the operation of the Subject Tractor Trailer and/or his duty to take measures or precautions to warn other drivers of dangerous conditions.

47. On information and belief, JKJ and/or VFS negligently hired and/or failed to provide reasonable training and supervision to Mr. Toro.

48. JKJ and/or VFS's violation of their duty of reasonable care was a proximate cause of the Accident and or damage to Great West and MidWest.

## PRAYER FOR RELIEF

WHEREFORE, Great West and MidWest request:

A. Fair and reasonable compensatory damages, in an amount to be proven at trial;

B. Prejudgment interest on all damages;

C. Recoverable court costs incurred as a result of this lawsuit; and

D. All other relief the Court determines to be just and proper.

DATED this 11th day of December 2017.

                MEAGHER & GEER, P.L.L.P.

                By:   /s/John C. Hendricks
                      John C. Hendricks
                      8800 N. Gainey Center Drive, Suite 261
                      Scottsdale, Arizona  85258
                      Attorneys for Plaintiffs