WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Great West Casualty Company, | No. CV-17-08265-PCT-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| JKJ Transport Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's motion for extension of time to serve. (Doc. 12). Plaintiff filed this motion on the day service was required to be completed, giving itself no opportunity to complete service if the Court denies the motion.

There are 5 Defendants in this case (including, as a single defendant, the improperly[1] named fictitious defendants). Service was executed on VFS Leasing Co LSR on February 5, 2018. (Doc. 13). The time to answer has run and no answer has been filed.

According to Plaintiff, Defendants Mr. Toro and Jane Doe Toro have been served (Doc. 12), but no proof of service has been filed. Plaintiff claims it has attempted service on JKJ Transport Company on multiple occasions, but that service has been unsuccessful. (Doc. 12). Plaintiff claims that he has been in contact with counsel (who has not

---

[1] The Federal Rules of Civil Procedure do not permit the use of fictitious defendants. *See, e.g.*, Fed. R. Civ. P. 10(a); *Craig v. U.S.*, 413 F.2d 854, 856 (9th Cir.), *cert. denied*, 396 U.S. 987 (1969); *Molnar v. Nat'l Broadcasting Co.*, 231 F.2d 684, 686-87 (9th Cir. 1956).

appeared) for Defendants Toro, and that the same counsel will be representing JKJ Transport Company. (*Id.*) However, Plaintiff claims that "as [a] professional courtesy" Plaintiff's counsel "extended" Defendants' deadline for their responsive pleading. (*Id.*).

The General Order at Doc. 4 makes clear that Plaintiff's counsel does not have the authority to grant extensions of time to answer. Presumably defense counsel knows this was an invalid extension because Doc. 4 was required to be served on Defendants with the complaint. (Doc. 4 at 3-4).

This Court has the authority to extend the time to answer only when the following is true:
> Upon a showing that a defendant cannot reasonably respond to a complaint within the time set forth in Rule 12(a)(1)-(3), the court may, with or without awaiting a response from the opposing party, grant a one-time extension of up to 30 days to respond to the complaint.

(Doc. 4 at 5).

Here, Defendant has made no showing; thus, any implied request to extend time to answer is denied. Based on the foregoing,

**IT IS ORDERED** that proofs of service for Defendants Toro must be filed within one business day.

**IT IS FURTHER ORDERED** that Plaintiff must either move for default against VSR Leasing Co. LSR and Defendants Toro by March 19, 2018, or by March 20, 2018 show cause why these three Defendants should not be dismissed for failure to prosecute (*see* Fed. R. Civ. P. 41(b)).

**IT IS FURTHER ORDERED** that by March 20, 2018, Plaintiff must move for an extension of time to serve JKJ Transport Company applying the correct legal test[2] or Defendant JKJ Transport Company will be dismissed for failure to serve. The currently pending motion for extension of time to serve (Doc. 12) is denied, without prejudice.

/ / /

/ / /

/ / /

---

[2] *See Trueman v. Johnson*, 2011 WL 6721327, *3 (D. Ariz. December 21, 2011).

- 2 -

**IT IS FINALLY ORDERED** dismissing, without prejudice, all fictitiously named Defendants.

Dated this 14th day of March, 2018.

James A. Teilborg
Senior United States District Judge