1   WO

6   **IN THE UNITED STATES DISTRICT COURT**

7   **FOR THE DISTRICT OF ARIZONA**

9   Great West Casualty Company,                    No. CV-17-08265-PCT-JAT

10                  Plaintiff,                       **ORDER**

11  v.

12  JKJ Transport Incorporated, et al.,

13                  Defendants.

15          On March 14, 2018, this Court issued the following Order:

16          Pending before the Court is Plaintiff's motion for extension of time
    to serve. (Doc. 12). Plaintiff filed this motion on the day service was
17  required to be completed, giving itself no opportunity to complete service if
    the Court denies the motion.
18          There are 5 Defendants in this case (including, as a single defendant,
    the improperly[1] named fictitious defendants). Service was executed on
19  VFS Leasing Co LSR on February 5, 2018. (Doc. 13). The time to answer
    has run and no answer has been filed.
20          According to Plaintiff, Defendants Mr. Toro and Jane Doe Toro
21  have been served (Doc. 12), but no proof of service has been filed. Plaintiff
    claims it has attempted service on JKJ Transport Company on multiple
22  occasions, but that service has been unsuccessful. (Doc. 12). Plaintiff
    claims that he has been in contact with counsel (who has not appeared) for
23  Defendants Toro, and that the same counsel will be representing JKJ
    Transport Company. (*Id*.) However, Plaintiff claims that "as [a]
24  professional courtesy" Plaintiff's counsel "extended" Defendants' deadline
    for their responsive pleading. (*Id*.).
25          The General Order at Doc. 4 makes clear that Plaintiff's counsel
    does not have the authority to grant extensions of time to answer.

27          [1] The Federal Rules of Civil Procedure do not permit the use of fictitious
28  defendants. *See, e.g.*, Fed. R. Civ. P. 10(a); *Craig v. U.S.*, 413 F.2d 854, 856 (9th Cir.),
    *cert. denied*, 396 U.S. 987 (1969); *Molnar v. Nat'l Broadcasting Co.*, 231 F.2d 684, 686-
    87 (9th Cir. 1956).

Presumably defense counsel knows this was an invalid extension because Doc. 4 was required to be served on Defendants with the complaint. (Doc. 4 at 3-4).

This Court has the authority to extend the time to answer only when the following is true:

> Upon a showing that a defendant cannot reasonably respond to a complaint within the time set forth in Rule 12(a)(1)-(3), the court may, with or without awaiting a response from the opposing party, grant a one-time extension of up to 30 days to respond to the complaint.

(Doc. 4 at 5).

Here, Defendant has made no showing; thus, any implied request to extend time to answer is denied. Based on the foregoing,

**IT IS ORDERED** that proofs of service for Defendants Toro must be filed within one business day.

**IT IS FURTHER ORDERED** that Plaintiff must either move for default against VSR Leasing Co. LSR and Defendants Toro by March 19, 2018, or by March 20, 2018 show cause why these three Defendants should not be dismissed for failure to prosecute (*see* Fed. R. Civ. P. 41(b)).

**IT IS FURTHER ORDERED** that by March 20, 2018, Plaintiff must move for an extension of time to serve JKJ Transport Company applying the correct legal test[2] or Defendant JKJ Transport Company will be dismissed for failure to serve. The currently pending motion for extension of time to serve (Doc. 12) is denied, without prejudice.

**IT IS FINALLY ORDERED** dismissing, without prejudice, all fictitiously named Defendants.

(Doc. 15) (all footnotes in original).

Plaintiff timely filed the proofs of service for the Toro Defendants. Plaintiff failed to comply with any other part of the Order, and the time to do so has expired. Therefore,

**IT IS ORDERED** dismissing VSR Leasing Co. LSR and Defendants Toro, without prejudice, for failure to prosecute and failure to comply with a Court Order.[3]

**IT IS FURTHER ORDERED** dismissing JKJ Transport Company, without

---

[2] *See Trueman v. Johnson*, 2011 WL 6721327, *3 (D. Ariz. December 21, 2011).

[3] *See* Fed. R. Civ. P. 41(b). In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). Here, Plaintiff's unexplained failure to respond to this this Court's March 14, 2018 order, and failure to timely serve, have delayed this case. Further, the Court cannot manage its docket if Plaintiff will not respond to Court orders. Additionally, any delay creates a possibility of prejudice to the Defendants. Also, the Court took the less drastic sanction of issuing a show cause order, which Plaintiff ignored, which leaves dismissal without prejudice as the only remaining remedy to push this case forward. Thus, the only factor that weighs against dismissal is the public policy in favor of merits resolutions of cases.

prejudice, for failure to serve within the time limits of Federal Rule of Civil Procedure 4(m) and failure to comply with a Court Order.

**IT IF FINALLY ORDERED** that because all Defendants have been dismissed, the Clerk of the Court shall enter judgment dismissing this case, without prejudice.

Dated this 21st day of March, 2018.

James A. Teilborg
Senior United States District Judge