John C. Hendricks, State Bar No. 019493
jhendricks@meagher.com
**MEAGHER & GEER, P.L.L.P.**
8800 North Gainey Center Drive, Suite 261
Scottsdale, AZ  85258
Telephone:   (480) 607-9719
Facsimile:   (480) 607-9780
*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MidWest Warehousing & Transportation, Inc., an Iowa corporation,<br><br>                              Plaintiff,<br>      V.<br><br>JKJ Transport, Inc., a California transport company; VFS Leasing Co LSR, a California business entity;  Francisco J. Toro and Jane Doe Toro, Husband And Wife; John Doe And Jane Doe 1-25, husband and wife; ABC Corporation 1-25,<br><br>                              Defendants. | No. 3:17-cv-08265-JAT<br><br>**MOTION FOR RECONSIDERATION** |

Plaintiff, MidWest Warehousing & Transportation, Inc. ("MidWest"), files this Motion for Reconsideration of the Court's Order dated March 21, 2018 (Doc. 17), dismissing without prejudice Defendants VFS Leasing Co. LSR ("VFS"), Francisco J. Toro and Jane Doe Toro ("Defendants Toro"), and JKJ Transport Company ("JKJ"). The Court's March 21 Order dismisses VFS and Defendants Toro without prejudice for failure to prosecute and failure to comply with a Court Order and dismisses JKJ without prejudice for

failure to serve within the time limits established in Fed.R.Civ.P. 4(m). Plaintiff respectfully requests the Court to reconsider the March 21 Order for the following reasons:

1. The record in this case shows that: (a) Defendant VFS was served with process on February 5, 2018, as established by an affidavit of service that was filed with the court on March 12, 2018 (Doc 13); (b) Defendants Toro were also served on February 5, 2018, as established by an affidavit of service that was filed on March 15, 2018 (Doc. 16); and Defendant JKJ Transport, through counsel, accepted service on March 14, 2018 (Doc. 14).

2. This Court's Order dated March 14, 2018 (Doc. 15), directed (at 2:15) that proofs of service for Defendants Toro be filed by the next business day (March 15, 2018). Plaintiff did comply with that portion of the court's March 14 order by filing on March 15 the affidavit of service showing that Defendants Toro had been served on February 5, 2018 (Doc. 16).

3. However, the Court's March 14 Order also directed (at 2:17-20) "that Plaintiff must either move for default against VSR Leasing Co. LSR and Defendants Toro by March 19, 2018, or by March 20, 2018, show cause why these three Defendants should not be dismissed for failure to prosecute (see Fed. R. Civ. P. 41(b))" and "that by March 20, 2018, Plaintiff must move for an extension of time to serve JKJ Transport Company applying the correct legal test or Defendant JKJ Transport Company will be dismissed for failure to serve." As further noted in the March 14 Order (at 2:8-12) and in this Court's General Order (Doc. 4), extending the time for an answer requires "a showing that a defendant cannot reasonably respond to a complaint within the time set forth in Rule 12(a)(1)-(3)."

4. Counsel for Plaintiff candidly and with embarrassment acknowledges that the failure to comply with the portion of the Court's March 14 Order requiring plaintiff by March 19 to move for default against VFS and/or by March 20 to show cause why

2

Plaintiff's claims should not be dismissed for failure to prosecute was the result, quite frankly, of an oversight by Plaintiff's counsel due to work on other matters. Plaintiff's counsel further acknowledges that his oversight has needlessly inconvenienced the Court, for which Plaintiff's counsel most humbly apologizes.

5. In the event this Court sees fit to grant this Motion to Reconsider, Plaintiff's counsel will, of course, promptly file an application for entry of default against VFS in accordance with the requirements of Fed.R.Civ.P. 55.

6. Plaintiff respectfully also submits that there is good cause for extending the time for Defendants Toro and JKJ to answer until March 30, 2018, for the following reasons:

(a) This case involves an insurance subrogation claim for damages resulting from a semi-truck accident that occurred on December 12, 2015. Consequently, this is a case involving events that occurred more than two years ago.

(b) Plaintiff's counsel was initially contacted about this case by Susan J. Wees, Esq., who has confirmed that she, James F. Wees, Esq., and the Wees Law Firm will be defending Defendants Toro and JKJ in this case. *See also* Acceptance of Service for JKJ (Doc. 14) signed by James F. Wees, Esq.

(c) When Ms. Wees initially contacted Plaintiff's counsel about this case in an email dated February 9, 2018, she indicated that before she could answer or file a responsive motion she would need additional time to conduct an investigation and contact her clients.

(d) Plaintiff's counsel and Ms. Wees subsequently discussed this case during a telephone call on February 23, 2018. During that call, Ms. Wees once again indicated that she would need more time for an answer or responsive motion in order to have time to investigate this case and due to scheduling conflicts involving other matters. Plaintiff's counsel also suggested that it might be useful to have additional

3

time so the parties could discuss a possible settlement before incurring further litigation costs.

(e)     For those reasons, Plaintiff's counsel and Ms. Wees agreed on a March 30 date for Defendants Toro and JKJ's answer or responsive motion.

(f)     In furtherance of a possible settlement, Plaintiff's counsel also made a settlement offer to counsel for Defendants Toro and JKJ on March 12, 2018.

(g)     In addition, Plaintiff's counsel and counsel for Defendants Toro and JKJ discussed an acceptance of service by JKJ and other matters relating to this case on March 14, 2018.

(h)     Plaintiff respectfully submits that although Defendants Toro and JKJ have not yet filed an answer or responsive motion, Plaintiff has not failed to prosecute this case because the parties have been working together so that Defendants Toro and JKJ will have the opportunity they need to investigate events that occurred more than two years ago in order to meaningfully respond to Plaintiff's Complaint while Plaintiff is at the same time exploring the possibility of a settlement without the need for further litigation.

(i)     Nonetheless, Plaintiff's counsel acknowledges that, as required by this Court's General Order (Doc. 4), Plaintiff's counsel was obligated and failed to obtain the Court's authorization before agreeing to extend the time for an answer or responsive motion by Defendants Toro and JKJ.

(j)     Plaintiff's counsel once again humbly apologizes for failing to comply with this Court's Orders.

7.     Plaintiff further submits that there is good cause for extending the deadline for serving JKJ because Plaintiff's counsel had been assured prior to the deadline for serving JKJ that JKJ was represented by counsel who would be appearing to file an answer or responsive motion on JKJ's behalf, because JKJ, through counsel, did in fact accept

service on March 14, 2018, and because counsel for Plaintiff and JKJ have been working together to give counsel for JKJ the opportunity they need to investigate and respond to Plaintiff's Complaint while Plaintiff is at the same time exploring the possibility of a settlement without the need for further litigation.

8. A proposed Order accompanies this Motion for the Court's consideration.

WHEREFORE, Plaintiff respectfully requests the Court to enter an Order:

1. Granting this Motion to Reconsider;

2. Vacating the Order (Doc. 17) dismissing the claims against VFS, Defendants Toro, and JKJ without prejudice;

3. Vacating the Clerk's Judgment (Doc. 18) dismissing the claims against VFS, Defendants Toro, and JKJ without prejudice;

4. Establishing a March 30 deadline for Defendants Toro and JKJ to file an answer or motion responding to Plaintiff's Complaint; and

5. Establishing a deadline for Plaintiff to file an application for a default judgment against VFS in accordance with the requirements of Fed.R.Civ.P. 55.

DATED this 21st day of March 2018.

        MEAGHER & GEER, P.L.L.P.


        By: /s/John C. Hendricks
          John C. Hendricks
          8800 N. Gainey Center Drive, Suite 261
          Scottsdale, Arizona  85258
          Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of March 2018, I electronically transmitted the attached document to the Clerk's office using the CM/ECF system for filing and transmittal of a Notice of electronic filing to the following CM/ECF registrants:

Clerk, U.S. District Court
405 W. Congress Street, Suite 1500
Tucson, AZ 85701-5010

Honorable James A. Teilborg
United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite
401 W. Washington Street, SPC
Phoenix, Arizona  85007

I hereby certify that on March 21st , 2018 I delivered a courtesy copy of the attached document by US Mail to the following:

Susan J. Wees, Esq.
Wees Law Firm, LLC
3216 N. Third St., Ste. 201
Phoenix, AZ  85012


By: /s/Judy Mannino