**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Great West Casualty Company, | No. CV-17-08265-PCT-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| JKJ Transport Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's motion for reconsideration of this Court's Order of March 21, 2018. (Doc. 19). The result of the March 21, 2018 order was that this case was dismissed and judgment was entered. In the motion for reconsideration, counsel makes a factual argument for relief, but does not cite or apply any law. The Court's best guess is that this motion was intended to be a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(1) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment… for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect;….").

As indicated above, one of the basis for relief under Rule 60(b)(1) is excusable neglect. Excusable neglect includes omissions caused by carelessness. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 388 (1993); *see also, Briones v. Riviera Hotel & Casino*, 116 F.3d 379 (9th Cir.1997) (extending the *Pioneer* standard to Rule 60(b)(1)). Determining if excusable neglect deserves relief under 60(b)(1) requires examining "four factors: (1) the danger of prejudice to the opposing party; (2) the length

of delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Servs.*, 231 F.3d 1220, 1223-24 (9th Cir 2000). When examining excusable neglect or a mistake, courts must examine at least these four factors. *Lemoge v. U.S.*, 587 F.3d 1188, 1192 (9th Cir. 2009); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010).

Here, counsel states that his failure to comply with the Federal Rules and failure to comply with an order of this Court were due to oversight based on work on other matters. (Doc. 19 at 3). However, counsel fails to argue whether this was the product of excusable neglect (applying the four factors) or one of the other bases for relief under Rule 60(b)(1) (or perhaps counsel brought this motion pursuant to a different rule).

On this record, Plaintiff has not shown an entitlement to reconsideration because Plaintiff has failed to argue or apply any rule or law. Therefore,

**IT IS ORDERED** that the motion for reconsideration (Doc. 19) is denied, without prejudice.

Dated this 27th day of March, 2018.

*/s/ James A. Teilborg*
James A. Teilborg
Senior United States District Judge